UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAFAEL ANTONIO GARAVITO-GARCIA, | Case No. 20-CV-1781 (JRT/KMM) |
| Petitioner, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| UNITED STATES, | |
| Respondent. | |

This action comes before the Court on Petitioner Rafael Antonio Garavito-Garcia's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 ("Petition"); and (3) filing titled "Supplement [for] Habeas Corpus Pursuant to 28 U.S.C. 2241," ECF No. 3 ("Supplement"). For the following reasons, the Court (1) construes the Supplement as seeking to amend the Petition, and as such denies it; (2) recommends the dismissal without prejudice of Grounds Two through Four of the Petition; and (3) recommends transferring the rest of this action to the U.S. District Court for the Southern District of New York ("USDC-SDNY").

I.   BACKGROUND

  A.   Criminal History

In January 2013, a USDC-SDNY grand jury indicted Mr. Garavito-Garcia on one count of conspiring to commit narcoterrorism (violating 21 U.S.C. § 960a), one count of conspiring to import cocaine into the United States (violating 21 U.S.C. § 963); one count

of conspiring to provide material support to a foreign terrorist organization (violating 18 U.S.C. §§ 2339B(a)(1), (d)(1) and 3238); and one count of conspiring to acquire and transfer antiaircraft missiles (violating 18 U.S.C. §§ 2332g(a)(1), (b), (c), and 3238).[1] *See* Sealed Superseding Indictment 4–15, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y. Jan. 8, 2013). In July 2014, Colombian authorities extradited Mr. Garavito-Garcia from Colombia to the United States. *See, e.g.*, Mem. 1, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y. Mar. 12, 2015).

After a trial in March 2015, a jury found Mr. Garavito-Garcia guilty of all four counts. *See, e.g.*, Docket, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y.) (entries in March 2015). In July 2015, the USDC-SDNY sentenced Mr. Garavito-Garcia to 300 months imprisonment. *See* J. in a Criminal Case 3, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y. July 22, 2015) (noting concurrent sentences for all four counts). Mr. Garavito-Garcia filed a direct appeal, but the U.S. Court of Appeals for the Second Circuit affirmed. *See United States v. Garavito-Garcia*, 827 F.3d 242, 244 (2d Cir. 2016).

---

[1] Citations to materials in the *Garavito-Garcia* dockets use the pagination provided by the USDC-SDNY's CM/ECF filing system. (Similarly, citations to documents filed in this action use the pagination generated by this Court's CM/ECF system.) Furthermore, the materials cited herein from Mr. Garavito-Garcia's proceedings in the USDC-SDNY are not attached to any materials provided to the Court in the present action. They are publicly accessible online, however, and this Court may take judicial notice of such public court records. *See, e.g.*, *Graham v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020) (citing *Bellino v. Grinde*, No. 18-CV-1013, 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)), *report and recommendation adopted*, 2020 WL 4059889 (D. Minn. July 20, 2020).

In July 2017, Mr. Garavito-Garcia filed a motion under 28 U.S.C. § 2255 challenging his conviction. *See* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody 4–9, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y. July 28, 2017). After the Government responded, Mr. Garavito-Garcia filed at least three documents purporting to amend the § 2255 motion by adding additional grounds. *See* Mem. of Law in Opp'n to [Def.'s] Mot. to Correct, Vacate, or Set Aside His Conviction, *United States v. Garavito-Garcia*, No. 12-CR-0839 (JSR) (S.D.N.Y. Oct. 9, 2017); Ltr. from Rafael Garavito-Garcia to Court, *United States v. Garavito-Garcia*, No. 17-CV-5798 (JSR) (S.D.N.Y. Feb. 22, 2018) ("First Motion to Amend"); Amend. to Habeas Corpus Pet., *United States v. Garavito-Garcia*, No. 17-CV-5798 (JSR) (S.D.N.Y. Mar. 12, 2018) ("Second Motion to Amend"); Amend. to Pending 28 U.S.C. 2255, *United States v. Garavito-Garcia*, No. 17-CV-5798 (JSR) (S.D.N.Y. July 24, 2018) ("Third Motion to Amend").

Certain arguments raised—or not—in the § 2255 motion and Mr. Garavito-Garcia's amendments are notable. In particular:

- Mr. Garavito-Garcia's original motion argued, among other things, that (1) his trial counsel had been ineffective by "failing to raise an entrapment defense and [by] failing to employ a 'missing witness' instruction as part of that defense," and (2) the Government's allegations and proof concerning the importation-conspiracy claim "amounted to a constructive 'variance.'" *Garavito-Garcia v. United States*, No. 17-CV-5798 (JSR/SLC), 2019 WL 6884858, at *1 (S.D.N.Y. Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 6878346 (S.D.N.Y. Dec. 17, 2019).

- Mr. Garavito-Garcia's various proposed amendments sought to add arguments that (1) the district court had lacked jurisdiction over the narcoterrorism charge, (2) trial counsel had been ineffective by

3

    failing to authenticate a key witness's death, and (3) trial counsel had been ineffective by failing to "pursue any discussions [with Mr. Garavito-Garcia] relevant to [his] defense." *See id.* at *3–5 (summarizing proposed amendments).

- Finally, the Court observes that Mr. Garavito-Garcia's various filings, as relevant here, did *not* argue that amendments to certain federal regulations defining "import" affected his conviction's validity. *See, e.g.*, *id.* at *1, *3–5 (summarizing arguments made in petition and proposed amendments; no mention of this argument).

  Addressing Mr. Garavito-Garcia's filings, a USDC-SDNY magistrate judge first recommended denying Mr. Garavito-Garcia's various motions to amend. *See id.* at *1–7. All of the grounds therein, she stated, were futile, untimely, and/or procedurally defaulted. *See id.* at *6–7.[2] As for the § 2255 motion itself, she recommended denying it, and further recommended that the court not issue a certificate of appealability ("COA"). *See id.* at *8–11.

  Mr. Garavito-Garcia did not object to the report and recommendation. *See Garavito-Garcia*, 2019 WL 6878346, at *1. The district judge adopted that report and recommendation in December 2019 (including its denial of Mr. Garavito-Garcia's motions to amend); the resulting order dismissed Mr. Garavito-Garcia's motion and refused to issue a COA. *See id.* Mr. Garavito-Garcia did not appeal his § 2255 motion's denial. *See, e.g.*, Docket, *United States v. Garavito-Garcia*, No. 17-CV-5798 (JSR/SLC) (S.D.N.Y.) (no suggestion of appeal following entry of December order).

---

[2] As to the arguments listed above, the magistrate judge determined that (1) Mr. Garavito-Garcia's jurisdiction argument was procedurally defaulted, (2) his ineffective-assistance argument about authenticating a witness's death was futile, and (3) his ineffective-assistance argument that his defense counsel failed to pursue discussions with him was untimely. *See Garavito-Garcia*, 2019 WL 6884858, at *6–7.

4

Mr. Garavito-Garcia presently resides at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). *See, e.g.*, Pet. 1.

### B. Petition

The Court received the Petition on August 14, 2020. *See id.* It presents four grounds. *See id.* at 6–7. First, Mr. Garavito-Garcia argues that the Federal Bureau of Prison's ("BOP's") general counsel has failed "to review the recommendation by the Warden of FMC-Rochester and the Compassionate Release Committee to release petitioner pursuant to [18 U.S.C. § 3582 as] amended by the First Step Act of 2018." *Id.* at 6. As the Court understands it, in August 2019, Mr. Garavito-Garcia received a memorandum from Steve Kallis, FMC-Rochester's warden, stating that Mr. Garavito-Garcia "[had] been approved for pursuit of an early release." *See* Ex. 1, ECF No. 1-1. The letter also stated that FMC-Rochester staff were "in the process of preparing [a] formal referral" to send to "the Office of the General Counsel . . . for administrative review and approval." *Id.* "If approved by the [BOP]," the letter concluded, "the referral for early release is sent to the sentencing court for final determination." *Id.* Mr. Garavito-Garcia states that his request "[has] languished unprocessed for two years or more." Pet. 2.[3]

Second, Mr. Garavito-Garcia argues that the USDC-SDNY "abused its discretion in not permitting [him] to amend his [§] 2255 petition" to include claims of ineffective assistance of trial counsel. *Id.* at 6. (His argument here apparently concerns all of the

---

[3] It is unclear to the Court whether Mr. Garavito-Garcia attributes the delay here to FMC-Rochester staff or to the BOP's Office of the General Counsel.

5

ineffective-assistance-of-trial-counsel claims that he raised in his various motions to amend; Ground Two does not specify any particular claims.)  He argues here that his ineffective-assistance-of-trial-counsel claims "related back" to his original § 2255 petition, such that the USDC-SDNY should have let him amend his petition to include the claims.  *Id.*

Third, Mr. Garavito-Garcia argues that the USDC-SDNY "abused its discretion" by not letting him add a specific ineffective-assistance claim—namely, that his trial counsel had been ineffective because he "pursued a defense strategy without first determining whether [Mr. Garavito-Garcia] understood that strategy and the implications of not pursuing an entrapment defense as [Mr. Garavito-Garcia] requested." *Id.*

Finally, Mr. Garavito-Garcia contends that the USDC-SDNY "abused its discretion" when it denied him leave to amend his § 2255 petition to include various grounds: (1) that the USDC-SDNY lacked jurisdiction over the narcoterrorism charge against Mr. Garavito-Garcia; (2) that the indictment contained a variance; (3) that Mr. Garavito-Garcia's trial counsel had been ineffective by failing to authenticate the death of a "chief witness"; and (4) that Mr. Garavito-Garcia's trial counsel had been ineffective for certain purported mistakes in the jury instructions.  *Id.* at 7.

The Petition's request for relief states that Mr. Garavito-Garcia wants this Court to provide him "relief pursuant to 18 USC 3582 Compassionate Release." *Id.*

There is a peculiarity here.  Ground One of the Petition essentially asks the Court to consider a request for compassionate release.  Grounds Two, Three, and Four differ—they claim that the USDC-SDNY abused its discretion in its handling of Mr. Garavito-

6

Garcia's earlier § 2255 petition. Ordinarily a petition presenting Grounds Two, Three, and Four would seek as relief a petitioner's outright release, not merely relief under compassionate-release procedures; after all, these Grounds' substance challenges the validity of Mr. Garavito-Garcia's conviction. But on its face, at least, the Petition only asks for relief under § 3582's compassionate-release provision. *See id.* ("Request for Relief" section).

This raises an interpretive question: should this Court interpret the Petition as (1) only seeking compassionate release, with Grounds Two through Four as points favoring that outcome; or (2) seeking not just compassionate release based on Ground One, but also standard habeas-style relief, including release from custody or a new trial, based on Grounds Two through Four. Out of an abundance of caution, the Court will construe the Petition in the second fashion, and consider Grounds Two through Four as attacks on Mr. Garavito-Garcia's conviction. In other words, the Court will assess Grounds Two through Four of the Petition as seeking straightforward habeas relief.

**C.    Supplement**

The Court received the Supplement on August 28, 2020. *See* Suppl. 1. The Supplement asks the Court to amend the Petition by adding an argument aimed at Mr. Garavito-Garcia's conspiring-to-import conviction. *See id.* at 1–4.

As the Court understands Mr. Garavito-Garcia, he contends that under a definition of "import" in the Code of Federal Regulations, he did not "import" cocaine into the United States, and so did not violate 18 U.S.C. § 952. *See id.* at 2–3. Mr. Garavito-Garcia claims that it is significant here that he "was indicted for importing cocaine from

7

Guinea Bissau, an African country without a treaty with the United States." *Id.* at 3. Based on this argument, Mr. Garavito-Garcia claims that he is "actually innocent" of violating § 963. *Id.* As best as the Court can tell, Mr. Garavito-Garcia seems to contend that because (1) he brought cocaine into the United States from Guinea Bissau, and (2) there is no treaty of some sort between the United States and Guinea Bissau, it follows that (3) he did not "import" cocaine into the United States for § 963 purposes.

As part of the Supplement, Mr. Garavito-Garcia submits a copy of several pages of the Federal Register—specifically, 81 Fed. Reg. 97018–20—and contends that these provide "newly discovered evidence" that his trial counsel should have discovered prior to trial. *See id.* at 4–7.

## II.   ANALYSIS

### A.   Supplement

The Court will first address the Supplement, functionally a motion to amend the Petition. Under 28 U.S.C. § 2242, an application for a writ of habeas corpus submitted under § 2241 "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading "once as a matter of course" if (as relevant here) the amendment is made "within 21 days after serving" the pleading. The Petition has yet to be served, so under Rule 15(a)(1), Mr. Garavito-Garcia may amend the Petition "as a matter of course."

Critically, however, timeliness is not a motion to amend's only requirement. If an amendment is futile, a court may deny a motion requesting it. *See, e.g.*, *Munro v. Lucy*

*Activewear, Inc.*, 899 F.3d 585, 588 (8th Cir. 2018) (citing *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016)); *Fredin v. Street*, No. 19-CV-2864 (SRN/HB), 2020 WL 1271176, at *2 (D. Minn. Mar. 17, 2020) (citing *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013)).  The Court may therefore consider whether the Supplement's proposed amendment is futile, and if it is, deny Mr. Garavito-Garcia leave to amend.

As noted above, the Supplement appears to contend that amendments to the Code of Federal Regulations mean that Mr. Garavito-Garcia is "actually innocent" of conspiring to import cocaine into the United States.  As Mr. Garavito-Garcia is a federal prisoner, he is subject to 28 U.S.C. § 2255(e), which states that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ."  This is generally referred to as § 2255(e)'s exclusive-remedy provision.

The amendment runs afoul of § 2255(e).  Mr. Garavito-Garcia cannot raise this definitional argument here because he never presented this argument as part of his § 2255 proceedings in the USDC-SDNY.  *See* Section I.A *supra*.  The Court is unaware of any reason why he could not have.  The regulatory provisions that Mr. Garavito-Garcia points to were effective as of January 30, 2017.  *See* Revision of Import and Export Requirements for Controlled Substances, 81 Fed. Reg. 96,992, 96,992 (Dec. 30, 2016) (noting that rule would become effective in relevant part on January 30, 2017); *cf.* 21 C.F.R. § 1300.01(b) (related "import" definition).  Mr. Garavito-Garcia filed his § 2255

9

petition in July 2017, amended it several times in 2018, and the USDC-SDNY resolved it in December 2019. There is simply no reason why Mr. Garavito-Garcia could not have raised this argument before.

The upshot is that § 2255(e)'s exclusive-remedy provision bars this Court from addressing the Supplement's argument.[4] That makes the Supplement's proposed amendment futile. The Court therefore denies the Supplement to the extent it purports to be a motion to amend the Petition.

### B. Petition

#### 1. Ground One

As noted above, Ground One invokes 18 U.S.C. § 3582, which concerns courts imposing prison sentences. Under § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed." But exceptions exist. As relevant here,

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may

---

[4] To be sure, § 2255(e) contains a so-called savings clause: the exclusive-remedy provision does not apply where the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." But it is a petitioner's burden to establish that the savings clause applies. *See, e.g.*, *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (citing cases); *Sevilla-Acosta v. Birkholz*, No. 20-CV-0821 (WMW/KMM), 2020 WL 4476462, at *2 (D. Minn. Aug. 4, 2020) (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)). And here, Mr. Garavito-Garcia neither invokes the savings clause nor provides any reason to believe that the § 2255 remedy is inadequate or ineffective with respect to the Supplement—or, for that matter, the Petition itself. *See, e.g.*, Pet. 4 (providing no response to question asking petitioner to "[e]xplain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence").

10

> impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). This provision is otherwise known as the "compassionate release" provision.

As several District decisions make clear, however, a prisoner must bring a § 3582 motion before the *sentencing* court. *See, e.g.*, *Waters v. Rios*, No. 17-CV-1367 (SRN/DTS), 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017) (citing authorities); *Smoke v. United States*, No. 09-CV-2050 (JRT/AJB), 2009 WL 5030770, at *2 (D. Minn. Dec. 14, 2009) (citing *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003)); *Pinkley v. Anderson*, No. 06-CV-2461 (PAM/JJG), 2006 WL 2671074, at *3 (D. Minn. Sept. 18, 2006). This means that Ground One, construed as a motion seeking compassionate release, is not appropriately sought here. The proper place for Mr. Garavito-Garcia to make this argument is in the USDC-SDNY.

### 2. Ground Two

As discussed above, Ground Two asserts that the USDC-SDNY abused its discretion by denying Mr. Garavito-Garcia's various motions to amend his § 2255 petition. *See, e.g.*, Pet. 6. As also noted above, the Court construes Ground Two as seeking habeas relief—that is, Mr. Garavito-Garcia's argument here is that (1) the USDC-SDNY erred by denying his motion to amend his § 2255 petition, and (2) the appropriate relief includes Mr. Garavito-Garcia's release.

11

But the exclusive-remedy provision of § 2255(e) flatly denies this Court jurisdiction over Ground Two. He tried to raise the points underlying Ground Two in his § 2255 proceeding—in other words, he sought leave to make the relevant amendments—and the USDC-SDNY denied him relief. It straightforwardly follows that this Court "shall not . . . entertain[]" Ground Two. The Court thus recommends denying the Petition without prejudice as to Ground Two.

### 3. Ground Three

Ground Three contends that the USDC-SDNY abused its discretion by not letting Mr. Garavito-Garcia add to his § 2255 petition the claim that his trial counsel had been ineffective because he "pursued a defense strategy without first determining whether the defendant understood that strategy and the implications of not pursuing an entrapment defense as [Mr. Garavito-Garcia] requested." *Id.* But again, § 2255(e) denies this Court jurisdiction. Mr. Garavito-Garcia tried to raise the substantive issue underpinning Ground Three in his § 2255 proceeding, and that USDC-SDNY denied him relief. This Court thus cannot consider Ground Three. The Court thus recommends denying the Petition without prejudice as to Ground Three.

### 4. Ground Four

As discussed above, Ground Four claims that the USDC-SDNY abused its discretion by not letting Mr. Garavito-Garcia amend his § 2255 petition to add various arguments. But again, for the same reasons that this Court lacks jurisdiction to address Grounds Two and Three, it lacks jurisdiction to address Ground Four. Mr. Garavito-Garcia tried to raise all of these Ground Four issues in his original § 2255 petition, and

the USDC-SDNY denied him relief. So § 2255(e) yet again precludes this Court's review of Ground Four, and the Court thus recommends denying the Petition without prejudice that ground.

### 5. Summary and Transfer

Following the discussion above, this Court has explained that it lacks jurisdiction over each ground of the Petition. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Mr. Garavito-Garcia has filed at least part of this case in the wrong place; Ground One plainly must be addressed by the USDC-SDNY. This Court must therefore address whether it should transfer some or all of this case.

With respect to Grounds Two through Four, the Court concludes that, assuming the Court adopts the recommendations herein, the interest of justice does not recommend transfer of these grounds to any other court. Those grounds would run into § 2255(e) no matter where Mr. Garavito-Garcia tried to present them. The Court thus does not recommend transferring the Petition as to those grounds.

Ground One is different, however. The key problem with this ground is that this Court is not the proper one to address it: § 3582 motions are to be considered by the sentencing court. The Court cannot assess whether Mr. Garavito-Garcia's implicit § 3582 motion has merit based on the record before it, and so the Court believes that it is in the interest of justice for the Petition to be transferred to the USDC-SDNY solely for consideration as a motion filed pursuant to § 3582. The Court notes that the docket in the

13

USDC-SDNY case does not reflect that Mr. Garavito-Garcia has already filed such a motion in that Court. The Court therefore recommends that the Petition be transferred to the USDC-SDNY for the limited purpose of considering Ground One.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, it is hereby ordered that Petitioner Rafael Antonio Garavito-Garcia's filing titled "Supplement fo [*sic*] Habeas Corpus Pursuant to 28 U.S.C. 2241," ECF No. 3, construed as a motion to amend his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 ("Petition"), is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, it is hereby recommended that:

1. The Petition be **DENIED** without prejudice as to Grounds Two through Four.

2. The Petition be **TRANSFERRED** to the U.S. District Court for the Southern District of New York for the limited purpose of addressing Ground One.

Date: February 1, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).